Opinion by
 

 Wright, P. J.,
 

 Jesse McMillan and Norris Woodley were jointly indicted in the Court of Quarter Sessions of Philadelphia County at May Sessions 1967 in Bill No. 1230 charging assault and battery, in Bill No. 1231 charging aggravated robbery, and in Bill No. 1232 charging conspiracy. Pleas of not guilty were entered, and trial was held before Honorable John R. Meade and a jury. A verdict of guilty was returned on Bills Nos. 1230 and 1231, and a verdict of not guilty on Bill No. 1232. Motions for a new trial and in arrest of judgment were dismissed, and a sentence of two and one-half to five years was imposed on each defendant on Bill No. 1231. Sentences were suspended on Bill No. 1230. McMillan has appealed at No. 1129 October Term 1967. There is a companion appeal by Woodley at No. 1141 October Term 1967. The factual situation appears in the following excerpt from the opinion below:
 

 “The evidence presented during the trial indicated that the complainant, Francis J. Donnelly, on April 22, 1967 at approximately 3:30 A.M. paid his check at the Snow White Restaurant located at 1317 Market Street, Philadelphia, Pennsylvania, walked outside and, after an unsuccessful effort to secure a taxi-cab, leaned against a building nearby facing a subway entrance and dozed off. Defendants who had been in said restaurant at the same time with the complainant subsequently followed him outside, grabbed his arms, beat and pushed him one-half way down the subway stairs shouting obscenities at him while going through his pockets. Upon the approach of a police officer, defendants released the complainant and dropped his handkerchief and comb on the floor; defendants were positively identified by the complainant as his assailants. Defendant Woodley did not take the stand and offer any testimony on his behalf. Defendant McMillan testified that complainant in the restaurant had re
 
 *50
 
 ferred to both defendants in an uncomplimentary manner and that, when the defendants left the restaurant, complainant again repeated the same epithets and tried to ‘grab’ the defendants thereby causing a struggle among the three of them, until the police officer arrived”.
 

 Appellant’s contentions on this appeal relate (1) to alleged improper cross-examination, and (2) to the sufficiency of the evidence. The only case mentioned in the brief is
 
 Anders v.
 
 California, 388 U.S. 738, 87 S. Ct. 1396. This extreme example of the attitude of a majority
 
 [1]
 
 of the members of the United States Supreme Court concerning procedure and equality in appellate representation has no relevancy here. Appellant’s counsel have not indicated lack of merit in the instant appeal. On the contrary, they have filed a brief marshalling all possible arguments on appellant’s behalf.
 

 Having carefully reviewed the original record, we agree with the court below that “the evidence was sufficient to warrant the jury’s findings and all conflicts in credibility were resolved by the jury’s verdicts”. No trial or other error has been demonstrated. In brief, we perceive no merit in this appeal.
 

 Judgment affirmed.
 

 [1]
 

 There were three dissents in the
 
 Anders
 
 case.